(January 29, 1890.)

## DUNNIWAY et al. v. LAWSON et al.

[23 Pac. 78.]

PRACTICE—APPEAL—DISMISSAL.—In an action where relief is granted both parties, on motion to dismiss the appeal under rule 3 of the supreme court, the certificate of the clerk below, under rule 4, not showing the nature and substance of the judgment appealed from, held, that said certificate will not justify dismissal of the appeal.

RULES DIRECTORY.—Rule 3 is directory, and gives no right to a party to demand its enforcement.

SHOWING FOR DISMISSAL.—The court will not dismiss an appeal under rule 3 unless it be made to appear that justice requires such dismissal.

(Syllabus by the court.)

APPEAL from District Court, Custer County.

J. T. Morgan, for Appellants

No brief on file.

Angel & Sullivan, for Respondents.

No brief on file.

BERRY, J.—This is a motion by respondents to dismiss an appeal in the above-entitled action, which motion is made under rules 2, 3 and 4 of this court, and upon the certificate of the clerk of the district court of Custer county. The rules are as follows:

Rule 2. "When an appeal or writ of error has been perfected thirty days before the commencement of the next regular or adjourned term of this court, the transcript of the record shall be filed at least three days before the first day of such regular or adjourned term."

Rule 3. "If the transcript of the record is not filed within the time prescribed [by rule 2], the appeal or writ of error may be dismissed, on motion, without notice, on Monday of the week during which the cause is subject to call, under rule 8. A cause so dismissed may be restored during the same term, upon good cause shown, on notice to the opposite party. Unless so restored, the dismissal is final, and a bar to any other appeal or writ of error from the same order or judgment."

Rule 4. "On such motion there shall be presented the certificate of the clerk below, certifying the amount or character of the' judgment; the date of its rendition; the fact and date of the filing of the motion of appeal, or issuing of the writ of error; the fact and date of the filing; the undertaking on appeal or writ of error; the fact and time of the settlement of the statement, if there be one; and also that the appellant has received a duly certified transcript, or that he had not re-

quested the clerk to certify to a correct transcript of the record; or, if he has made such request, that he has not paid the fees therefor, if the same have been demanded."

It is clear that rule 3 is more in the nature of a statement, or notice by the court, of what it will be likely to do under a given statement of facts, than of a declaration of rights of a party litigant. The right in the court to dismiss, when in its opinion the interests of justice demand such action, and only when it is so demanded, puts upon the party requesting such action the burden of convincing the court, by a proper showing of facts, that the interests of justice require such action. Rule 4 seems specially intended to effect that purpose. The certificate of the clerk is to inform the conscience of the court. The clerk of the court below makes his certificate in substance as follows: "That on the second day of October, 1889, judgment was rendered in said district court, in favor of the plaintiffs . . . . and against said defendants, for costs of plaintiffs in said action amounting to the sum of $858.95, and that each of said defendants be adjudged to pay one-third thereof, to wit, the sum of $286.32, and that Paul P. Lawson and Chris Rogers have, and each of them has, the right to the use of ten inches of the water of Alder creek, a tributary of Big Lost river, and to use no more than ten inches each, measured under a four-inch pressure, unless there shall be more than two hundred and twenty inches of water running in said creek; and I further certify that on the twenty-ninth day of November, 1889, I received an order made by C. H. Berry, judge of said district court, ordering and directing that all papers and files including evidence, in above cause, be sent to the clerk of the district court at Blackfoot, which was accordingly done; and I further certify that no notice of appeal from the judgment entered in said cause on the second day of October, 1889, has been filed in this office, nor has any been presented at this office for filing, nor has any statement on appeal from said judgment been settled and filed in this office, nor has any person requested that a transcript of the record of said action be made out and certified to the clerk of said district court, and sent such request to this office, but on the fifth day of December, 1889, an undertaking for stay of exe-

cution was made out by Paul P. Lawson, one of the defendants in said action, in the sum of $600, being more than double the amount named in said judgment, and was duly filed in this office according to law."

It will be observed that this certificate, while it states many facts, states few required by rule 4. Incidentally upon the argument, however, it appeared that a notice of appeal by the defendants from the judgment had been served more than thirty days prior to the first day of this term of the supreme court, and that an appeal bond, regular in form, had been filed in the office of the clerk in the court below; also that the action in which the judgment was entered was an action in equity, in which a decree was made in favor of the respondents in those things constituting the subject matter of the said action. Aside from those general facts, this court is not further informed in the case. It is not alleged that any hardship to the respondents exists by reason of the failure to file in time the transcript on appeal; and if the respondents are not being injured, *prima facie* at least, they have no cause to complain. But the appellants' counsel gives reasons for the delay. He alleges that, in addition to the appeal from the judgment, it is his purpose to move for a new trial of the case, and thereby reach a more comprehensive remedy than would alone be an appeal from the judgment, or the bringing into this court of the judgment-roll; that, in case his motion for a new trial is denied, he desires to appeal the order of denial; and that, if he gets a new trial, the necessity for any appeal may be avoided. He also avers that the statement of his case, on which he proposes to move, on account of causes beyond control, is not settled, or even yet made; and that, in view of such facts, the court below has extended the time for settlement of a statement to a time not yet expired.

There is nothing to cast doubt upon the entire good faith of these allegations, and in themselves they are certainly consistent with fairness and the interests of justice. We do not think, from this standpoint, that we are called upon to exercise this reserved power, and summarily dismiss the appeal. But beyond this, as we have seen, the respondents' counsel has not brought himself within the conditions prescribed by rule

4. The certificate does not even show the nature of the judgment appealed from, except in the single matter of costs and certain minor provisions in favor of the appellants. In the absence of a more full and complete showing, the court is precluded, by its own rules, from dismissing the appeal as prayed, and the motion to dismiss must be denied.