(September 28, 1891.)

## STATE v. BRAITHWAITE.

### [27 Pac. 731.]

INFORMATION—PRELIMINARY EXAMINATION FOR COMMITMENT—CONSTITUTION CONSTRUED.—Section 8, article 1, of the constitution of Idaho, authorizes proceedings either by indictment or by information. That section, in connection with the act of the legislature passed to carry into effect the provisions of said section

(see First Session Laws of Idaho, page 184), authorizes a proceeding by information only where a defendant has had a preliminary examination as prescribed by chapter 7 of title 3 of the Penal Code of Idaho, or has waived such examination or is a fugitive from justice.

(Syllabus by Sullivan, C. J.)

APPEAL from District Court, Bingham County.

Orr & Orr, for Appellant.

The allegations of the information being made upon information or belief, the verification in this form is 'ambiguous, uncertain and fatally defective. (Act March 13, 1891, sec. 3; *In re Hotchkiss,* 58 Cal. 39.) An information is properly filed by the district attorney only when the defendant has been regularly committed, and has had a preliminary examination in accordance with the forms of law. (Const., art. 1, sec. 8; Act March 13, 1891, secs. 6-8; *People v. Evans,* 72 Mich. 367, 40 N. W. 473; *Kalloch v. Superior Court,* 56 Cal. 229.) The committing magistrate had no authority to issue a warrant, and could not acquire jurisdiction until a complaint or deposition had been filed with him charging an offense. (Rev. Stats., secs. 7509, 7516-7519, 7530, 7552; *State v. Wakefield,* 60 Vt. 618, 15 Atl. 181.)

George H. Roberts, Attorney General, for the State.

An information may be verified upon information and belief. (*Washburn v. People,* 10 Mich. 385; *State v. Montgomery,* 8 Kan. 355.) A plea of guilty cures all irregularities up to the arraignment.

SULLIVAN, C. J.—This is an appeal from the district court of the fifth judicial district. The facts are substantially as follows: The appellant was arrested for the crime of grand larceny, and taken before a committing magistrate. The record shows that a warrant of arrest was issued, but fails to show that a complaint or information or any depositions were laid before the magistrate charging the commission of a public offense, as required by section 7516 of the Revised Statutes of Idaho, either before or after the issuance of the said warrant

of arrest. The record further shows that a preliminary examination was held, and the depositions of two witnesses taken. The following commitment was indorsed on said depositions: "It appearing to me that the offense in the within depositions mentioned has been committed, and that there is sufficient cause to believe that the within-named John Braithwaite is guilty thereof, I order that he be held to answer the same, and that he is admitted to bail in the sum of five hundred dollars, and is committed to the sheriff of the county of Bingham until he give such bail." It is certified in the record that it contains a record of all the proceedings by and before the committing magistrate, and contains all of the papers transmitted to the district court by said magistrate. The depositions of John G. Brown and C. Devinney are the only depositions contained in the record, neither of which contains a question put to the witnesses. At the June term of the district court the district attorney filed an information against the appellant, charging him with grand larceny, which information was filed under and by virtue of section 8 of an act entitled "An act to provide for prosecuting offenses on information, and to dispense with calling grand juries except by order of the district judge," approved March 13, 1891. (See 1st Sess. Laws Idaho, p. 186.) Said information contained the following indorsement, to wit: "Names of witnesses whose depositions were examined before filing the foregoing information: John G. Brown and C. Devinney." After said information had been filed in the said district court, the appellant, by his attorneys, filed a motion to quash the information, on the ground, among others, "that, previous to the filing of the information, the defendant had not been committed or held to answer by any magistrate having authority to commit," which motion was overruled by the court, to which ruling the defendant duly excepted, and assigns said ruling as error. Thereafter the defendant pleaded guilty to the crime charged. On the twenty-fifth day of June, 1891, the defendant, by his attorneys, filed a motion in arrest of judgment on the ground following, to wit: "That the court had no jurisdiction to try the defendant, for the reason that the law had not been complied with in the arrest and preliminary examination of the defendant"—which motion was overruled by

the court, and duly excepted to by the defendant, and the said ruling is assigned as error. The proceeding by information against persons accused of crime is a creature of the constitution (section 8, article 1), and provides that "no person shall be held to answer for any felony or criminal offense of any grade unless on the presentment or indictment of a grand jury, or on information of the public prosecutor after a commitment by a magistrate." To carry into effect said provision of the constitution, the legislature passed the act above cited.

As we view it, there is but one question for this court to decide in this case, and that is, Can a defendant be prosecuted for a crime by information, under and by virtue of section 8 of the act, above referred to, until such person shall have had a preliminary examination as provided by law, or waived his right to such examination, or is a fugitive from justice? There is no claim in this case that the defendant waived his right to such examination, or that he is a fugitive from justice. Section 8 of said act declares as follows: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor as provided by law." Section 7576 of the Revised Statutes of Idaho directs how the depositions in a preliminary examination must be taken and authenticated. Subdivision 2 of said section provides that the depositions must contain the questions put to the witnesses, and their answers thereto. Subdivision 5 of said section provides that the deposition must be signed by the witness, and certified by the committing magistrate. Section 8 of the act above referred to, and section 7576 of the Revised Statutes of Idaho, are mandatory, and the district court has no jurisdiction to try any person for an offense by information until the statute in regard to preliminary examinations has been complied with. (*Kalloch v. Superior Court*, 56 Cal. 229.) In my opinion, the judgment of the district court should be reversed, and it is so ordered.

Morgan and Huston, JJ., concur.