(December 5, 1917.)

## HENRY WITT, Respondent, v. H. S. BEALS, J. E. MONTGOMERY and JENNIE BAKER, Appellants.

[169 Pac. 182.]

DISMISSAL OF APPEAL—CLERK'S CERTIFICATE TO TRANSCRIPT—DIMINUTION OF THE RECORD.

1. Where the certificate of the clerk of the district court certifies that the transcript contains all of the papers provided in the *praecipe,* and the *praecipe* is not included in such transcript, such certificate is insufficient to certify to this court the judgment-roll in such proceedings.

2. The statutes of this state require the appellant to furnish all the papers of which the judgment-roll is constituted.

3. When upon motion to dismiss an appeal on the grounds of a defective certificate appellant asks leave to file an amended certificate, such leave will be granted.

4. Upon a motion to dismiss an appeal on the ground that the appellant has not included the entire judgment-roll in the transcript, the appellant suggests diminution of the record, an order will be entered allowing the appellant to have the clerk of the district court certify the complete judgment-roll.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Motion to dismiss the appeal. *Denied.*

E. A. Walters and Taylor Cummins, for Appellants.

The right to diminute at the suggestion of either party has been repeatedly recognized by the decisions of this court, both as to supplying the omitted papers and the correction of the clerk's certificate. (*Zienke v. Northern Pac. Ry. Co.,* 7 Ida. 746, 65 Pac. 431; *Smith v. Intermountain Auto Co.,* 25 Ida. 212, 136 Pac. 1125; *Steensland v. Hess,* 25 Ida. 181, 136 Pac. 1124.)

H. C. Hazel, for Respondent.

The certificate of the clerk to the transcript is insufficient, and the transcript does not contain copies of all papers as required by law. (*Fouch v. Bates,* 18 Ida. 382, 110 Pac. 265; *Coon v. Sommercamp,* 26 Ida. 787, 146 Pac. 728; *Dudacek v. Vaught,* 28 Ida. 442, 444, 154 Pac. 995; *Simmons Hardware Co. v. Alturas Commercial Co.,* 4 Ida. 386, 389, 39 Pac. 553; *Trueman v. Village of St. Maries,* 21 Ida. 632, 123 Pac. 508; *Taylor v. McCormick,* 7 Ida. 524, 64 Pac. 239; *Beck v. Holland,* 28 Mont. 460, 72 Pac. 972; *In re Gamble Estate,* 166 Cal. 253, 135 Pac. 970; *Porter v. Ewing,* 51 Fla. 265, 641, 39 So. 996; *Anderson v. Long,* 48 Fla. 212, 37 So. 565; *Mallory v. Waugh,* 5 Kan. App. 879, 48 Pac. 147.)

"Ordinarily compliance with regulations as to appeals is a condition precedent to the right of review, without which unless waived the right of appeal is lost and the appeal will be dismissed." (4 C. J. 565; *Steamboat Zephyr v. Brown,* 2 Wash. Ter. 45, 3 Pac. 186; *Penny v. Nez Perces County,* 4 Ida. 642, 43 Pac. 570; *Pence v. Lemp,* 4 Ida. 526, 43 Pac. 75.)

RICE, J.—This is a motion to dismiss the appeal from a final judgment upon two grounds: 1. That the certificate of the clerk to the transcript is insufficient. 2. That the transcript does not contain copies of all papers as required by law.

The transcript contains two certificates of the clerk as follows:

(1) "I, E. J. Finch, Clerk of the District Court of the Fourth Judicial District of the State of Idaho, in and for Twin Falls County, do hereby certify that the foregoing contain all the papers specified in the *praecipe* on file in my office, and that the same with the exception of the order overruling motion for nonsuit are attached to the judgment-roll in said action."

(2) "I, E. J. Finch, Clerk of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Twin Falls, do hereby certify:

"That the above and foregoing were compiled and bound under my direction as a true and correct transcript of the proceedings therein contained, and I further certify:

"That the same are full, true and correct copies of the said papers and files, now on file in my office and of the certificate of the judge settling the transcript herein in said action."

The record does not contain a copy of the *praecipe*.

Sec. 4818, Rev. Codes, as amended Sess. Laws 1911, p. 375, reads: "On an appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in section 4434, upon which the appellant relies."

Sec. 4821, Rev. Codes, reads: "The copies provided for in the last three sections must be certified to be correct by the clerk or the attorneys, and must be accompanied with a certificate of the clerk or attorney, that an undertaking on appeal, in due form, has been properly filed or a stipulation of the parties waiving an undertaking."

Sec. 4456, as amended Sess. Laws 1909, p. 76, reads: "Immediately after entering the judgment, the clerk must attach together and file the following papers, which constitute the judgment-roll:

"1. In case the complaint be not answered by any defendant, the summons with the affidavit or proof of service, and the complaint, with a memorandum endorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment.

"2. In all other cases, the pleadings, a copy of the verdict of the jury, or findings of the court, or referee, a copy of any order made on demurrer, or relating to a change of the parties, and a copy of the judgment. If there are two or more defendants in the action, and any one of them has allowed judgment to pass against him by default, the summons, with proof of its service upon such defendant, must also be added to the other papers mentioned in this subdivision."

Had the *praecipe* been included in the transcript, the reference to the same in the clerk's certificate might have cured the defect, but nowhere does it appear by the certificate or the record that the entire judgment-roll has been included in such transcript.   (*Fouch v. Bates,* 18 Ida. 382, 110 Pac. 265; *Coon v. Sommercamp,* 26 Ida. 787, 146 Pac. 728.)

Before the motion was finally submitted the appellants asked leave to file an amended certificate, which, under the authority of *Steensland v. Hess,* 25 Ida. 181, 136 Pac. 1124, and *Smith v. Intermountain Auto Co.,* 25 Ida. 212, 136 Pac. 1125, will be granted.

Appellants also suggested diminution of the record and asked leave to certify additional papers as part of the judgment-roll.   Under the statutes of this state it is necessary that appellants furnish this court with a copy of the complete judgment-roll properly certified.

An order will be made permitting an amendment of the clerk's certificate of the record, and also allowing appellants to supply the complete judgment-roll.   The motion to dismiss will be denied.

Budge, C. J., and Morgan, J., concur.