(No. 5459. October 30, 1929.)

FARM CREDIT CORPORATION, a Corporation, Respondent, v. ESTELLA S. MULLINER, as Administratrix of the Estate of OLOF MALMGREN, Deceased, Appellant.

[281 Pac. 1113.]

A. A. Merrill, E. M. Holden and Lewis A. Lee, for Appellant.

Alvin Denman, for Respondent.

BUDGE, C. J.—This is an appeal from a judgment of the district court on appeal from the probate court. Motion to dismiss the appeal is made upon the ground "that the

record on appeal has not been authenticated or identified by a bill of exceptions or in any manner or at all."

 Under C. S., secs. 7164, 7167, providing, respectively:

"On appeal from a judgment rendered on an appeal, or from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below."

"The copies provided for in sections 7163, 7164 and 7165 must be certified to be correct by the clerk or the attorneys . . . ."

—it has been held repeatedly by this court that an appeal will be dismissed where the transcript does not contain any certificate that the papers therein constitute all the records, papers and files used or considered by the judge on the hearing. (*Village of Sand Point v. Doyle*, 9 Ida. 236, 74 Pac. 861; *Glenn v. Aultman & Taylor M. Co.*, 30 Ida. 719, 167 Pac. 1163; *Walsh v. Niess*, 30 Ida. 325, 164 Pac. 528; *Biwer v. Van Dorn*, 32 Ida. 213, 179 Pac. 953; *Hardy v. Butler*, 39 Ida. 99, 226 Pac. 669; *Muncey v. Security Ins. Co.*, 42 Ida. 782, 247 Pac. 785.)

The extent of compliance in the instant case with what is held to be necessary under the sections above quoted is a certificate of the clerk of the district court to the effect that "the within and foregoing (transcript) contains and consists of full, true and correct copies of" certain papers, enumerating them.

As applicable to such a situation it was said in *Village of Sand Point v. Doyle, supra*, although holding a bill of exceptions not to be necessary:

"The transcript in this case contains no certificate showing that the papers and records it contains were used by the judge upon the hearing, but merely contains a certificate from the clerk that they are true and correct copies of the papers it purports to contain as the same appear on file in his office. This certificate is good as far as it goes, but falls short of showing that the papers contained in the

transcript were used by the district judge upon the hearing of the motion. Many other papers and documents might have been used for aught this record shows or many of the papers in this transcript may not have been presented to the judge at all. It would be a dangerous practice for this court to pass upon such appeals without having before it copies of all the papers used upon the hearing properly identified by certificate as contemplated by statute.''

Under the rule of the decisions referred to, and there are others to the same effect, the certificate of the clerk of the district court herein is defective, and the appeal is subject to dismissal.

██ The showing made by appellant obviously confuses the statutes applicable, the argument being advanced that, there being no evidence taken and therefore no reporter's transcript or bill of exceptions, the only thing before this court is the judgment-roll, and a certificate need not be furnished to the effect that the papers sent up or furnished by appellant were those used by the court below. This is an erroneous assumption that the appeal is from a ''final judgment'' under C. S., sec. 7163, ''in an action or special proceeding *commenced* in the court in which the same is rendered,'' as set forth in C. S., sec. 7152, subd. 1; whereas it is an appeal ''from a judgment rendered on an appeal from an inferior court,'' controlled by C. S., sec. 7164, and the rule applicable thereto in regard to the furnishing of papers used on the hearing in the court below. The cases cited by appellant concern appeals from judgments in actions commenced in the court in which the same were rendered, under a statute not applicable to the instant case, and in nowise serve to support appellant's view under the facts herein.

The appeal is dismissed.

Givens, T. Bailey Lee and Varian, JJ., concur.

Wm. E. Lee, J., dissents.