(No. 5676. February 28, 1931.)

CRYSTAL DOME OIL & GAS COMPANY, a Corporation, Respondent, v. PAUL G. SAVIC, Appellant.

[296 Pac. 772.]

416

S. L. Tipton, for Appellant.

J. B. Eldridge, for Respondent.

LEE, C. J.—Plaintiff and respondent, Crystal Dome Oil & Gas Co., a corporation, sued Paul G. Savic, defendant and appellant, demanding the delivery of certain property and damages for its detention. On January 19, 1930, judgment was entered in favor of plaintiff and against defendant, directing delivery and awarding $1,000 damages. From that part of the judgment awarding damages, defendant appealed September 16, 1930, furnishing no *supersedeas* bond. Thereafter, an execution sale having been had, appellant moved to set aside and vacate the same. His motion was denied by order entered August 29, 1930, from which order he appealed October 21, 1930.

The two appeals have reached this court, bulked in one transcript having one number and supported by the payment of only one docket fee. Respondent has moved to dismiss the appeal from the judgment for the reason "that the same is embodied in a transcript on appeal from an order made after judgment and having no relation to or being in any manner dependent upon each other." It has also moved to dismiss the appeal from the order for the reason that the transcript nowhere contains the certificate required by rule 21 of the rules of this court, showing what, if any, papers were used and considered by the trial judge upon the hearing of the motion to set aside and vacate the sale or whether the same were all of such papers, records and files.

Taking up the last motion first, we find an utter absence of any certificate of the trial judge as required by rule 21. The order denying the motion recites: "The Court received affidavits and examined the records and files upon which the motion and objection thereto were made." Were the order to be deemed a certificate, it fails to state what affidavits were received, whether or not they were by the court examined after they had been received, or whether they, coupled with the records and files mentioned, were all the papers, records and files used or considered by the judge on the hearings. As such it would be fatally defective. (*Farm Credit Corp. v. Mulliner*, 48 Ida. 306, 281 Pac. 1113; *Brooks v. Lewiston Business College*, 48 Ida. 71, 282 Pac. 378.) The appeal from the order must be dismissed.

As to the motion to dismiss the appeal from the judgment, while we wish to announce that under no circumstances can appeals utterly distinct and in nowise related be handled in the same transcript, we feel unjustified in dismissing the instant appeal regularly taken in prior time and here before us, the record having been stripped of the second appeal.

In the case of a prior appeal, we would treat the record of the second injected into the transcript as mere surplusage, even though there were no grounds for its dismissal: the

remedy would be by motion to strike. The motion to dismiss the appeal from the judgment will be denied.

Respondent has moved to strike certain papers in the record on appeal from the judgment, to wit: affidavit on claim and delivery, summons, stipulation setting the case for trial, minute entry setting the case for trial, two minute entries during the trial, two instructions requested by plaintiff and given by the court, the court's own instructions, order for reporter's transcript, extension of time for reporter's transcript and acknowledgment of service of reporter's transcript.

No appeal having been taken except from that part of the judgment carrying damages, the affidavit, summons, stipulation and minute entries have no place in the transcript, and they will be ordered stricken: the other papers are properly here, appellant's praecipe having called for a transcript of the records and files and all other papers filed in said cause constituting a part of the record.

Respondent's motion to strike from the transcript certain enumerated papers and entries having to do with the record on appeal from the order will be granted.

Budge, Givens, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.