(No. 5821. May 3, 1932.)

H. O. FISHBACK, as Insurance Commissioner of the State of Washington, Liquidating the Business and Affairs of the AUTOMOBILE INSURANCE EXCHANGE, a Washington Corporation, Appellant, v. J. H. JENSEN, Respondent.

[11 Pac. (2d) 361.]

Turner K. Hackman, for Appellant,

A. F. James, for Respondent.

LEE, C. J.—H. O. Fishback, as Insurance Commissioner of the State of Washington, liquidating the business of the Automobile Insurance Exchange, plaintiff and appellant, sued defendant and respondent, J. H. Jensen, a member of said Exchange, to recover an assessment levied for defendant's *pro rata* liability of the Exchange's general indebtedness. The Exchange, a mutual company, had been incorporated in the State of Washington, under the laws thereof (sec. 7131, Rem. Comp. Stats.), providing that all the members of such companies shall be insurers each with the other, "and each shall be individually liable with every other solvent member of such company to ratably pay and discharge all losses and legal claim accruing against such company."

The action was allegedly based upon the by-laws of said company and a set of articles denominated "Authority from the Subscribers," purporting to set forth the mutual obligations and liabilities of the members. To the amended complaint, defendant and respondent interposed a demurrer, among the grounds urged, being the bars of the statutes of limitation, C. S., secs. 6609, 6611 and 6630. The demurrer was sustained, complainant refused to plead further and judgment of dismissal was accordingly entered: hence this appeal.

Respondent has moved to dismiss the appeal for "failure of the appellant to furnish the papers required by statute and in particular the appellant's failure to include in the transcript the original complaint." Appellant admits the failure to include the original complaint, but seeks to avoid it by the proposition that, since respondent's liability arose from a written contract, the three-year statutes invoked by him do not apply and that the five-year limitation as to written contracts, not yet expired, must control.

■■ Granting for the moment the proposition's soundness, in the absence of the original complaint, it is impossible to ascertain when respondent's liability arose or when the action was commenced. Appellant's contention that respondent's liability dates only from the time of the assessment, to wit, December 26, 1927, can find no support in the Washington statute: his liability was immediately consequent upon the accrual of the company's indebtedness. According to the amended complaint, that indebtedness was subsisting on December 29, 1926, how long before, no word of the record discloses. And, since from the record it cannot be ascertained when the five-year statute was set in motion, manifestly, upon appellant's own theory of the case, his appeal must be dismissed. When, as in this instance, the clerk has failed to certify that the transcript contains the judgment-roll, the appeal will be dismissed, unless the record shows that the files "which ordinarily constitute the judgment-roll are before the court, and such record is sufficient to present any question sought to be reviewed." (*Gropp v. Huyette*, 35 Ida. 683, 690, 208 Pac. 848, 850.)

■ But respondent's liability does not rest in contract: it is purely statutory. Discussing a similar contract involving practically the same contention here, the Washington court in *Fishback v. Bothell Bus. Co.*, 150 Wash. 49, 272 Pac. 67, 69, declared that it was impossible to determine from the "Authority from the Subscribers" either the amount of the liability of each member or any method of fixing the same. It held (p. 70) that "the assessment in this respect was according to the plain terms of the statute,"

referring to sec. 7131, Rem. Comp. Stats., *supra*. With finality the court concluded (p. 71):

"And certainly the appellant, in becoming a member of the exchange, became bound according to the terms of the statute to the same extent as if those terms had been incorporated in its contract on joining the association, and the statute provides that each shall be individually liable with every other solvent member of such company to ratably *pay and discharge* all losses and legal claims accruing against such company."

Closely akin to the Washington statute is sec. 322 of the California Civil Code. Noting the effect of that statute, it was held in *O'Neill v. Quarnstrom*, 6 Cal. App. 469, 92 Pac. 391, 392, that "The statute begins to run against the stockholder's liability as soon as the debt is contracted." The limitation statute referred to is sec. 359, California Code of Civil Procedure, identical with our C. S., sec. 6630, providing that actions against stockholders of a corporation to enforce a liability imposed by law must be brought within three years after discovery of the facts, making directly applicable subdivision 1 of C. S., sec. 6611, requiring that actions upon statutory liabilities other than penalties or forfeitures be commenced within three years.

Respondent's liability being statutory and the pertinent limitations being those of C. S., secs. 6611 and 6630, again we are met with the same inability as before to determine just when his liability arose or when the statutes began to run. As before said, there is nothing in the record which will solve this perplexity.

Motion to dismiss sustained. Costs to respondent.

Budge, Givens, Varian and Leeper, JJ., concur.