(No. 5946.   February 18, 1933.)

SOPHIE GLOUBITZ, Respondent, v. SMEED BROTHERS and STATE INSURANCE FUND, Appellants.

[20 Pac. (2d) 198.]

Leslie J. Aker, for Appellants.

Carl A. Burke, for Respondent.

MORGAN, J.—Respondent moved to dismiss the appeal on the ground that the transcript does not contain a certificate to the effect that the contents thereof constitute all the records, papers and files used or considered by the trial judge at the hearing of the case, which was an appeal from the Industrial Accident Board, and relies, among other authorities, on *Farm Credit Corp. v. Mulliner*, 48 Ida. 306, 281 Pac. 1113.

Idaho Code Annotated, secs. 11–213 and 11–216, are as follows:

11–213. "On appeal from a judgment rendered on an appeal, or from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below."

11–216. "The copies provided for in sections . . . . 11–213 . . . . must be certified to be correct by the clerk or the attorneys, and must be accompanied with a certificate of the clerk or attorneys, that an undertaking on appeal in due form has been properly filed or a stipulation of the parties waiving an undertaking."

The certificate in the transcript is not sufficient to meet the requirements of the foregoing sections of the statute, for it fails to identify the papers therein contained as all those used on the hearing in the district court.

Such certificate is not jurisdictional and the failure to include it in the transcript may be corrected before final submission of the case on appeal. (*Steensland v. Hess*, 25 Ida. 181, 136 Pac. 1124; *Burgess v. Corker*, 25 Ida. 217, 136 Pac. 1127; *Witt v. Beals*, 31 Ida. 84, 169 Pac. 182.)

At the hearing of the motion to dismiss appellant asked permission to present a supplemental certificate. The request was granted and a motion for leave to file, accompanied by a proper certificate executed by the clerk of the district court, has been lodged. It does not appear that respondent has been prejudiced by the failure of the clerk to include a proper certificate in the transcript. The motion for leave to file the supplemental certificate is granted and the motion to dismiss the appeal is denied.

Budge, C. J., and Givens and Holden, JJ., concur.