430 P.2d 482

Maurice E. SCHEEL and D. Marie Scheel, husband and wife, Plain-
tiffs-Respondents.

v.

John E. RINARD and Mary E. Rinard, hus-
band and wife, Defendants-Appellants.

No. 9979.

Supreme Court of Idaho.

July 18, 1967.

Hicks & Kennedy, Mountain Home, for appellants.

Cunningham, Schwartz & Doerr, Twin Falls, for respondents.

SMITH, Justice.

Respondents have moved to dismiss appellants' appeal from a district court order confirming the sale of certain real property, directing the proceeds to be applied against outstanding liens, and providing for payment of the balance into court pending determination of the litigation. Respondents' motion to dismiss is well taken, and the appeal must be dismissed accordingly. The facts so far as necessary to this opinion follow.

In January, 1964, respondents contracted to purchase from the Adrians and Kinneys property known as the Big Foot Bar Ranch, located in Elmore County, Idaho. In February of 1964, respondents entered into a "contract of property purchase and management," with appellants. The contract provided in part that appellants would perform certain managerial duties on the Ranch, while respondents agreed to make continued payments under their original

contract of purchase. In March 1966 respondents executed a lease of the Ranch property to Big Foot Bar Grazing Association (hereinafter referred to as the Grazing Association). The lease extended for the term from April to November of 1966, and contained an option whereby the Grazing Association could elect to purchase the Ranch from respondents for the sum of $137,000.

Respondents attached to their complaint copies of their purchase contract, contract of purchase and management with the appellants, and the lease-option contract with the Grazing Association. Respondents alleged that appellants, named as sole defendants, had prevented the Grazing Association members from exercising their rights under the lease-option contract. Respondents sought a court order restraining appellants from interfering with the Grazing Association's occupancy of the Ranch property and, in the event the Grazing Association exercised its option to purchase, compelling appellants to execute all documents necessary to convey the Ranch property to the Grazing Association. Appellants answered, alleging that their contract with respondents created a joint venture wherein appellants received ownership rights in the Ranch property, and that respondents executed the lease-option agreement without appellants' consent. Appellants also counter-claimed for relief in the form of an injunction restraining respondents from transferring the real property of the joint venture, for an accounting, and for damages.

With the groundwork of the litigation established by the pleadings, the parties sought to advance and protect their respective interests by use of injunctions *pendente lite*. Respondents moved for an order restraining appellants from interfering with the rights granted the Grazing Association under the lease-option contract. At a hearing held in Elmore County before District Judge Young, the court heard testimony from eleven witnesses and considered several offered exhibits before grant-

ing, on April 11, 1967, an injunction *pendente lite* as prayed by respondents.

Appellants countered by a motion for an order restraining respondents from leasing, selling, or doing any other act affecting appellants' interest in the Big Foot Bar Ranch. Respondents, though served with due notice, failed to appear at the hearing on their motion, held before District Judge Durtschi in Elmore County. On May 6, 1967, the court entered its order granting the injunction *pendente lite*, as prayed for by appellants.

The Grazing Association then elected to exercise its option to purchase the Ranch property. Respondents accordingly moved for an order approving the sale under the terms of the lease-option contract, and providing for application of the purchase money to outstanding liens on the property, the balance to be paid into court pending determination of the litigation. That motion, filed July 14, 1966, rested upon the files and records of the action, and upon representations of fact recited in respondents' motion. Subsequently, the parties filed a stipulation identifying the outstanding claims against the property in favor of the Kinneys, the Adrians and the government.

Appellants opposed the motion by an affidavit in which they alleged: that the sale was at a price lower than that agreed between the respondents and appellants; that appellants were unable to determine the validity of the debts set forth in respondents' motion; and that respondents should not receive any sums from the sale until the accounting, which appellants sought by their counter-claim, had been concluded.

The hearing on respondents' motion was held before District Judge Young in Ada County. The court thereupon entered an order confirming the sale of the Ranch property to the Grazing Association, directing satisfaction of the liens referred to in the parties' stipulation, and providing for payment of the balance of the proceeds of sale into court pending further order.

Appellants have appealed from the last referred to order of the trial court. Appellants, in piecemeal fashion, have presented to this court three separate transcripts containing the pleadings, motions, orders, and other matters relating to the appeal. The last transcript submitted contains a certificate by the clerk of the Elmore County District Court, which states:

"I further certify that the above documents, together with the documents contained in the original Clerk's Transcript herein constitute all the pleadings contained in the file which were before the District Court at the time said Court entered its Order from which this appeal is taken."

■ Respondents have moved to dismiss the appeal, contending that appellants have failed to furnish all papers required for presentation of an appeal to this court. An appeal is subject to dismissal for failure of the appellant to present all requisite papers. I.C. § 13-217; Farm Credit Corporation v. Mulliner, 48 Idaho 306, 281 P. 1113 (1929); Walsh v. Niess, 30 Idaho 325, 164 P. 528 (1917); Dunniway v. Lawson, 2 Idaho 632, 23 P. 78 (1890).

Respondents specifically contend that appellants have not secured a proper certificate executed by the clerk of the district court, as required by the statutes and rules of this court. On appeal from an order rendered by the trial court, the appellant must provide this court with a copy of all papers used on the hearing in the court below. I.C. § 13-213. These copies must be certified to be correct by the clerk or the attorneys. I.C. § 13-216. Appellate rule 35 of the Idaho Supreme Court provides:

*"Certificate as to Papers Used on Contested Motion.*—The transcript or record on appeal shall show that there is attached to or made a part of it all orders made by the judge disposing of a motion for a new trial, or any other contested motion, and all judgments on appeal from a board, commission, or inferior court, a certificate substantially as follows,

signed by the judge, clerk, or attorneys, to-wit:

" 'It is hereby certified that the following papers, to-wit: ——————————all of which are of the records or files in this case, were submitted to the judge and by him used on the hearing of the motion for a new trial (or any other such hearing), and constitute all the records, papers, and files used or considered by said judge on such hearing.' "

■ The requirements imposed by the Code and rule 35 rest upon sound considerations of appellate procedure. Proper disposition of an appeal necessitates that this court receive and consider all papers, records, and files presented to the trial court on the hearing of a contested motion. It would be, as we have previously stated, a hazardous endeavor for this court to rule upon an appeal without access to all relevant material used in the hearing below. Farm Credit Corporation v. Mulliner, supra; Dudacek v. Vaught, 28 Idaho 442, 154 P. 995 (1916); Johnston v. Bronson, 19 Idaho 449, 114 P. 5 (1911); Kootenai County v. Hope Lumber Co., 13 Idaho 262, 89 P. 1054 (1907); Village of Sand Point v. Doyle, 9 Idaho 236, 74 P. 861 (1903).

The Elmore County district court clerk has certified that the transcript on appeal contains a true copy of "all the pleadings contained in the file which were before the district court at the time said court entered its order from which this appeal is taken." The certificate does not refer to those exhibits presented to the district court at the earlier hearing, which exhibits the court may have noticed and used at the later hearing in Ada County, nor have such exhibits been included with the transcript on appeal. The district court may also have considered the oral evidence adduced at the earlier hearings in making the order in question, but the certificate fails to indicate whether the court did in fact resort to such evidence. In short, the certificate fails to indicate precisely what papers, records, or files the district court considered or used at the hearing.

■ A certificate which states only that the transcript on appeal contains true copies of the papers included in the file of the action falls short of certifying that such papers were *all* those records, papers, and files used by the trial court at the hearing. Aumock v. Bank of Spirit Lake, 56 Idaho 784, 58 P.2d 1247 (1936); Crystal Dome Oil & Gas Co. v. Savic, 50 Idaho 415, 296 P. 772 (1931); Robinson v. School Dist. No. 61, 36 Idaho 133, 209 P. 726 (1922); Village of Sand Point v. Doyle, supra. See also Gloubitz v. Smeed Bros., 52 Idaho 725, 20 P.2d 198 (1933); Blandy v. Modern Box Mfg. Co., 40 Idaho 356, 232 P. 1095 (1925).

Appellants in this case mistakenly relied upon the clerk of the Elmore County district court to certify as to what papers were used at the chambers hearing in Ada County. The clerk, not being present at that hearing, understandably could not ascertain and certify that the papers contained in his file were *all* the papers received and used by Judge Young.

Appellants have not moved for a further augmentation of the record but instead, elect to stand upon the transcript and clerk's certificate as they now appear. Appellants argue that a clerk's certification, that the transcript on appeal contains all the records of the case on file, is a sufficient compliance with rule 35, citing Kootenai County v. Hope Lumber Co., supra. In that case however, the plaintiff appealed from a judgment entered after the trial court had sustained defendant's demurrer to the complaint. Although the clerk certified only as to the papers contained in the file, including the complaint and demurrer, this court pointed out that "All the court could take into consideration on the decision of said demurrer was the complaint and the demurrer." Certification of the complaint and demurrer, therefore, amounted to a substantial compliance with the rule.

■ By way of contrast, the district court at the hearing on respondents' motion was not confined to any particular method of receiving evidence. The court may require all evidence in support of the motion to be presented by affidavit, but in its discretion the court may also permit other written or oral proof. Haldane v. Haldane, 210 Cal.App.2d 587, 26 Cal.Rptr. 670 (1963); Muller v. Reagh, 173 Cal.App.2d 1, 343 P.2d 135 (1959); 34 Cal.Jur.2d Motions § 12.

Appellants' authorities are further distinguishable insofar as, in the instant case, respondents expressly contend that the transcript on appeal fails to contain all papers, records, and files acutally considered by the district judge at the hearing. The contents of the transcript thus being challenged as to its contents, the certificate required by rule 35 becomes of critical importance, since this court has no other means of ascertaining what facts the trial court may have considered in making the order. Compare Julien v. Barker, 75 Idaho 413, 272 P.2d 718 (1954); Fealka v. Federal Mining & Smelting Co., 53 Idaho 362, 24 P.2d 325 (1933).

Appellants contend that we should not consider respondents' motion to dismiss the appeal, for the reason that respondents themselves have failed to present an adequate certificate, as required by rule 34 of this court. Rule 34, however, imposes this requirement where the motion to dismiss is made on the ground that an appellant has failed to file the transcript of record within the time prescribed by rules 29 and 32. Respondents' motion to dismiss herein relates to a different failure under a different rule, viz., rule 35; the provisions of rule 34 are therefore inapplicable.

■ The clerk's certificate filed by appellants does not substantially comply with rule 35, in that the clerk has not certified that the papers included in the transcript on appeal constitute all the papers, records, and files considered and used upon the hearing. Since the certificate is fatally defective, the order appealed from cannot be reviewed.

Appeal dismissed. Costs to respondents.

TAYLOR, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.