546 P.2d 391

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Maurice RUDDELL and Edmund L. Gutzman, Defendants-Appellants.**

**No. 11531.**

Supreme Court of Idaho.

Feb. 26, 1976.

Jeffrey M. Wilson of Matthews & Lee, Boise, for defendants-appellants.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a judgment of conviction for attempted escape from the Idaho State Correctional Institution. The sole question presented is the legal effect of a purported transcript of preliminary hearing proceedings which admittedly contains numerous errors and omissions and which transcript is not certified by any person as a true and correct record of the proceedings at the preliminary hearing. We reverse.

In 1973 appellants Maurice Ruddell and Edmund L. Gutzman, inmates of the Idaho State Penitentiary, were apprehended within the confines of the penitentiary, while attempting to tunnel their way to freedom. A preliminary hearing thereon was held July 31, 1973, before a magistrate and at the conclusion of that hearing appellants were held to answer for the charge of attempted escape.

Thereafter a transcript of the preliminary hearing proceedings was prepared and copies returned to the court and to the parties. More than 50 words and/or phrases in that transcript were indicated as being either inaudible or unintelligible. Evidently for that reason a court reporter refused to certify that transcript and it was not certified either by the magistrate or his clerk. By reason of those deficiencies appellants moved the district court for a new preliminary hearing contending that they were prejudiced in the effective preparation and presentation of their case in the district court.

All but a few of the deficiencies in the transcript occurred in the recorded testimony of one Captain Munch, a security officer at the penitentiary, whose testimony it was generally agreed was difficult to understand because of his distinct accent and pattern of rapid speaking. The district court denied appellants' motion for a new preliminary hearing but rather ordered that the court reporter meet with Captain Munch to attempt to decipher the deficiencies in his testimony. Shortly before the date for trial in the district court Munch met with the court reporter, inserted missing words and phrases where the transcript indicated either inaudible or unintelligible

portions of the testimony, made entries augmenting words of a question put to Munch, made one correction where no deficiency was indicated, changed the indicated time of arrest, failed to correct a few of the unintelligible portions and added new language indicating additional items found in the tunnel. Munch was not placed under oath at that session with the court reporter nor was counsel for the appellants present. When the corrected "transcript" was completed it was not certified by the reporter nor any other officer of the court. Trial was thereafter held in district court before a jury where appellants were found guilty, convicted and sentenced.

There is no dispute that the transcript contained the omission and irregularities alleged by the appellants and that the transcript was deficient and lacked any authentication by any judicial officer. Respondent also admits that certain statutory and procedural provisions were overlooked.

Appellants assert that the district court erred in denying their motion for a new preliminary hearing and such denial in combination with the manner in which the "transcript" was allegedly "corrected" violated their constitutional and statutory rights. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Brookhart v. Janis,* 384 U.S. 1, 86 S.Ct. 1245, 16 L. Ed.2d 314 (1966); I.C. §§ 19-808, 19-812, 19-813, 19-825 and I.C.R. 5.1(a) and 5.-1(d). The statutes and rules require that witnesses for the prosecution be examined under oath in the presence of the defendant; defendant is entitled to cross-examine those witnesses; a verbatim transcript of the preliminary hearing is to be taken and transcribed; the transcript must be certified as true and correct; and, a witness may not examine the transcript until it is returned to the proper court.

Respondent asserts that even if error, the irregularities in the transcript were primarily technical and the proceedings should not be rendered invalid unless they resulted in actual prejudice to defendants.

*State v. Clark,* 4 Idaho 7, 35 P. 710 (1894). See also, *State v. Wright,* 97 Idaho 229, 542 P.2d 63 (1975); *State v. Polson,* 92 Idaho 615, 448 P.2d 229 (1968); *State v. Peterson,* 87 Idaho 147, 391 P.2d 846 (1964); *State v. Ricks,* 34 Idaho 122, 201 P. 827 (1921). Cf. *Ebersole v. State,* 91 Idaho 630, 428 P.2d 947 (1967); *Martinez v. State,* 92 Idaho 148, 438 P.2d 893 (1968).

It is clear that where a preliminary hearing is held a record is required and a verbatim transcript of that record is mandatory. I.C. § 19-812. Rule 5.1(d) I.C.R. does not otherwise modify the commands of the statute except to provide instruction as to how counsel for parties may obtain a copy of the record.

▮▮▮▮ The parties hereto provide no Idaho authority directing a procedure for settling the transcript of a preliminary hearing when the validity of such is placed in issue. It is well established, however, that courts have an inherent power to supply deficiencies in records of their proceedings to the end that they will conform to the actual facts. *Bently v. Lucky Friday Extension Min. Co.,* 70 Idaho 511, 223 P.2d 947 (1950); *Pac. Finance Corp. of Cal. v. LaMonte,* 64 Idaho 438, 133 P.2d 921 (1943); *Haddock v. Jackson,* 51 Idaho 560, 8 P.2d 279 (1932). See also, *Gagnon v. U. S.,* 193 U.S. 451, 24 S.Ct. 510, 48 L. Ed. 745 (1904). While the power to correct error and supply deficiency is left to the sound discretion of the judge, it is stated in *Pac. Finance Corp. of Cal. v. LaMonte, supra,* that correction must be made in the court where the error occurred.

Perhaps the most comprehensive procedure for settlement is set forth in I.C. § 10-509 relating to reporter's transcript on appeal to the Supreme Court. Parties therein are allowed a reasonable time to designate errors and omissions disclosed by the transcripts and thereafter errors are settled by the trial judge if not agreed to by the parties. I.R.C.P. 83(*o*) relating to the preparation of a transcript on appeal from magistrate court to the district court also sets forth provisions for settlement of

transcripts. Although the district court here was not necessarily bound by such rule, it nevertheless does provide guidance which the court would have been better advised to follow in the case at bar.

■ Appellants further argue that because of the method utilized to alter, amend and clarify the transcript in the absence of the presence of themselves and their counsel, they were denied the right to use the preliminary hearing for discovery purposes. While the value to the defendant of the opportunity for discovery through the medium of a preliminary hearing may be an ancillary benefit, such has not risen to a status cognizable as a constitutional right. It is clear, however, that the primary purpose of a preliminary hearing is to determine whether there is probable cause to believe a crime has been committed and that the defendant committed it. I.C. § 19–804, *State v. O'Mealey,* 95 Idaho 202, 506 P.2d 99 (1973). It is mandated that the transcript of a preliminary hearing must be certified as true and correct by a judicial officer or reporter. I.C. § 19–812. A properly certified transcript is prima facie evidence of the validity of the proceedings. *State v. Salazar,* 95 Idaho 305, 507 P.2d 1137 (1973). The transcript may be relied upon by the district court and by this Court to judge the probable cause finding of the magistrate. This Court has required transcripts on appeal be certified and has refused to review unauthenticated transcripts. *Scheel v. Rinard,* 91 Idaho 736, 430 P.2d 482 (1967); *Fishback v. Jensen,* 52 Idaho 61, 11 P.2d 361 (1932); *State v. Squires,* 15 Idaho 327, 97 P. 411 (1908).

■ We are constrained to dispose of the instant action on the following ground. It has been held that the district court lacks jurisdiction to try any person for an offense by information absent compliance with the statutes regarding preliminary examinations. Idaho Constitution art. I § 8; I.C. § 19–804; *State v. Braithwaite,* 3 Idaho 119, 27 P. 731 (1891); *State v. West,* 20 Idaho 387, 118 P. 773 (1911). Here,

neither this Court nor the district court had or has authenticated evidence that these appellants were properly afforded a preliminary hearing prior to being held to answer for the felony of attempted escape. There is no record to verify the magistrate's determination of probable cause. We are merely presented with an alleged "transcript" which has not been certified by either the reporter nor an appropriate judicial officer despite at least two opportunities to do so. Even the "record" before us relative to the preliminary hearing contains omissions, unintelligible matter and non-judicially supervised additions and deletions.

Accordingly, we reverse and remand for further proceedings which shall include a new preliminary hearing and if probable cause is found thereat, a new trial. In the event that the district court determines that the same witness with the same speech difficulties is of critical importance at the preliminary hearing, he shall then order that the proceedings be taken and transcribed by a competent court reporter.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.