102 P.3d 1119

In the Matter of the PETITION FOR RE-VIEW OF HEARING COMMITTEE OF the PROFESSIONAL CONDUCT BOARD OF the IDAHO STATE BAR.

Defendant A, Petitioner,

v.

Idaho State Bar, Respondent.

No. 30376.

Supreme Court of Idaho,
Boise, November 2004 Term.

Nov. 30, 2004.

Christian Martens Law Group, Boise, for petitioner. Ronald D. Christian argued.

Bradley G. Andrews, Bar Counsel, Boise, for respondent, argued.

EISMANN, Justice.

This is an appeal from a recommendation of a Hearing Committee of the Professional Conduct Board of the Idaho State Bar. The Hearing Committee found that the attorney engaged in conduct that was prejudicial to the administration of justice and recommended that he receive a private reprimand. The attorney, who was prosecuting a defendant in a criminal case, obtained a transcript of the grand jury testimony in that case without an order of the court and then gave a copy of that transcript to a third party engaged in civil litigation against the same defendant. We affirm the findings of the Hearing Committee and impose the sanction it recommended.

## I. FACTS AND PROCEDURAL HISTORY

The petitioner Defendant A is an attorney who, at the time of the conduct involved herein, was a deputy attorney general engaged in prosecuting a criminal action against Richard Hoyle. The criminal action had been instituted by a grand jury indictment, and the grand jury proceedings had been reported by a court reporter. Hoyle obtained an order in the criminal case allowing him to obtain a transcript of the grand jury proceedings. Defendant A then obtained a transcript directly from the court reporter, without first securing an order of the court permitting him to do so. He later gave a copy of that transcript to a third party, who was engaged in an ongoing civil lawsuit against Hoyle. While participating in the execution of a search warrant at Hoyle's accountant's office, Defendant A obtained

copies of Hoyle's income tax returns, which he also turned over to that third party.

On December 8, 1998, a complaint was made to the Idaho State Bar regarding Defendant A's conduct in giving copies of the grand jury transcript and Hoyle's income tax returns to the opposing party in Hoyle's civil litigation. In October 1999 another complaint was made to the Bar regarding Defendant A's alleged conduct while executing a search warrant of Hoyle's business on May 20, 1997. Bar Counsel[1] began a four-year investigation, and by letter dated December 16, 2002, he concluded that Defendant A had not violated the Idaho Rules of Professional Conduct (IRPC).

With respect to the grand jury transcript, Bar Counsel noted that Hoyle's counsel had obtained a court order allowing him to have a transcript of the grand jury proceedings and that such order did not include any conditions upon the use, dissemination, or publication of the transcript by Hoyle's counsel. Although Defendant A had not obtained an order permitting him to have a transcript of the proceedings, Bar Counsel assumed that Defendant A obtained his copy of the transcript as a result of the order obtained by Hoyle's counsel. Since there were no restrictions upon Hoyle's counsel regarding the transcript, Bar Counsel reasoned that there would likewise be no restrictions upon Defendant A.

With respect to Hoyle's income tax returns, the allegation had been that Defendant A violated Idaho Code § 63–3076, which made it a felony for an agent of the state tax commission to divulge any tax return or tax information obtained directly or indirectly in the discharge of his duties except as provided by statute, court order, or rules of the tax commission. Bar Counsel concluded that because Defendant A was not an agent of the tax commission, he did not violate the statute, and therefore did not violate the IRPC. Bar Counsel also concluded that Defendant A's alleged conduct while participating in the execution of the search warrant did not violate the IRPC.

On December 30, 2002, Hoyle filed a letter with the Clerk of the Professional Conduct Board in which he expressed his dissatisfaction with Bar Counsel's resolution of the matter. On July 16, 2003, he filed a second letter in which he explained in greater detail why he wanted the Professional Conduct Board to review Bar Counsel's decision. On October 10, 2003, this Court appointed a Hearing Committee of the Professional Conduct Board to hear the matter. By letter to the Board dated December 10, 2003, Defendant A objected to the appointment of the Hearing Committee on the ground that Hoyle had not timely requested review of Bar Counsel's determination.

The Hearing Committee heard the matter, and on December 29, 2003, it issued its written decision in which it addressed four issues. First, it found that, when read broadly, Hoyle's letter filed with the Professional Conduct Board on December 30, 2002, was a timely request for review of Bar Counsel's decision and that the Committee therefore had jurisdiction to review the complaints. Second, it found that Defendant A had violated Rule 8.4(d) of the IRPC when he obtained the copy of the grand jury transcript and provided it to the third party engaged in litigation with Hoyle. The Committee found that such conduct was prejudicial to the administration of justice and recommended a public reprimand for that violation. Third, the Committee concluded that it could not decide whether Defendant A violated the IRPC when he turned a copy of Hoyle's income tax returns over to the third party that was engaged in civil litigation with Hoyle. The Committee stated that the issue hinged upon an issue of law that it lacked the authority to resolve and remanded that issue to Bar Counsel. Finally, the Committee upheld Bar Counsel's determination that Defendant A's conduct during the execution of the search warrant did not violate any provisions of the IRPC. On January 16, 2004, the Hearing Committee issued a substitute opinion. The only material change was modifying its recommendation of a public reprimand to a private reprimand. Defendant A timely peti-

---

**1.** Current Bar Counsel was not involved in the investigation of these complaints.

tioned for review by this Court of the Hearing Committee's decision.

## II. ISSUES ON APPEAL

A. Did Hoyle timely request review of Bar Counsel's disposition of the complaints?

B. Was the Hearing Committee's decision that Defendant A violated Rule 8.4(d) clearly erroneous or arbitrary and capricious?

C. Did the Hearing Committee err in remanding to Bar Counsel the issue of whether Defendant A was an agent of the state tax commission?

D. What sanction is appropriate?

## III. ANALYSIS

 In an attorney discipline matter, this Court reviews the hearing committee's decision to see if it was clearly erroneous or arbitrary and capricious. *Wilhelm v. Idaho State Bar*, 140 Idaho 30, 89 P.3d 870 (2004); Idaho Bar Comm'n Rule 509(c)(9).[2] When doing so, this Court independently reviews the record and assesses the evidence to see if the misconduct was proven by clear and convincing evidence. *Wilhelm v. Idaho State Bar*, 140 Idaho 30, 89 P.3d 870 (2004). The disciplined attorney bears the burden of showing that the evidence does not support the findings. *Id.* If the finding of misconduct is upheld, this Court bears the ultimate responsibility for determining what sanction should be imposed. *Id.*

### A. Did Hoyle Timely Request Review of Bar Counsel's Disposition of the Complaints?

 Bar Counsel issued his decision by letter dated December 16, 2002. After stating his decision that Defendant A did not violate the IRPC, Bar Counsel informed the parties that they could seek review of the decision "by filing a written request with the Clerk of the Professional Conduct Board, Idaho State Bar, P.O. Box 895, Boise, Idaho 83701, within fourteen (14) days of receipt of this decision.

The written request should specify the reason(s) for seeking review." On December 30, 2002, Hoyle filed with the Clerk of the Professional Conduct Board a letter in which he criticized various findings by Bar Counsel in his decision, but Hoyle did not expressly request review of that decision. On July 16, 2003, Hoyle filed a second letter with the Clerk of the Professional Conduct Board. In that letter, Hoyle stated that he had called the Idaho State Bar's investigator, who informed him that his first letter had not been interpreted as a request to review Bar Counsel's decision. Therefore, in his second letter he expressly requested review and addressed in greater detail his reasons for seeking review.

The relevant portion of Idaho Bar Commission Rule 509(c) provides:

**Request for Review.** Either the grievant or the defendant may request review by a hearing committee pursuant to this Rule of Bar Counsel's disposition under subsections (a)(1), (2), (3), (4) or (5) in the following manner:

(1) **Mode and Content of Request.** A written request for such review, stating the reasons for the request, shall be filed with the Clerk of the Professional Conduct Board.

(A) **Time for Filing.** The request for review shall be filed within fourteen (14) days following the receipt by the grievant or defendant of notice under subsection (B) of this Rule.

(2) **Service of Request.** The written request shall be served upon Bar Counsel and the defendant or grievant.

If Hoyle's first letter were construed as a written request for review, then his request was timely. If it was not, then it was untimely. The Hearing Committee determined that Hoyle's first letter was sufficient to constitute a request for review under Rule 509(c)(1).

On appeal, Defendant A argues that Hoyle's first letter should not be considered a request for review because it did not ex-

---

**2.** Idaho Bar Commission Rule 509(c)(9) states, "The petition [for review to the Supreme Court] shall contain a simple statement of the reasons the petitioner believes that the hearing committee decision is clearly erroneous or arbitrary and capricious."

pressly request review. The Rule does not specify a particular form for the request for review. It only requires that it be filed with the Clerk of the Professional Conduct Board. Hoyle's first letter was addressed to the "Clerk of the Professional Conduct Board," and the salutation stated, "Dear Professional Conduct Board." He then proceeded to criticize various aspects of Bar Counsel's decision. There is no reason for Hoyle to have addressed the letter to, and filed it with, the Clerk of the Professional Conduct Board unless he was seeking review of Bar Counsel's decision. The Hearing Committee found that Hoyle's first letter was sufficient to constitute a request for review under Rule 509(c)(1). That finding is not clearly erroneous.

▪ Defendant A also alleges that Hoyle did not timely request review because he did not serve a copy of the first letter upon Defendant A. During the four-year period that Bar Counsel was reviewing Hoyle's complaint, Defendant A had changed offices, and Hoyle sent a copy of his first letter to Defendant A's prior address. The Hearing Committee found such service adequate because that was the address Defendant A initially used in corresponding with the Idaho State Bar regarding this matter and there was no indication that Defendant A had informed Hoyle of his change in address. On appeal, Defendant A points out that his current address was listed on Bar Counsel's written decision from which Hoyle was appealing.

The only time limit in Rule 509 that is applicable to the request for review is the fourteen-day period within which the written request for review must be filed with the Clerk of the Professional Conduct Board. The Rule does not require that the defendant also be served with a copy of the request during that fourteen-day period. Therefore, any failure of Hoyle to serve a copy of the request for review within that fourteen-day period was not jurisdictional.

**B. Was the Hearing Committee's Decision that Defendant A Violated Rule 8.4(d) Clearly Erroneous or Arbitrary and Capricious?**

The relevant facts are undisputed. Hoyle's counsel obtained a copy of the grand jury transcript pursuant to a motion and order that provided as follows:

> COMES NOW the defendant RICHARD W. HOYLE, by and through counsel, who moves the court for its order for production of the transcript of the grand jury proceedings in this case. The transcript is necessary for the preparation of the defense.
>
> . . . .

*ORDER*

> This matter having come before the Court pursuant to the defendant's motion, and good cause appearing for the granting of the relief requested, IT IS SO ORDERED.

Defendant A then obtained a copy of the transcript from the court reporter and gave it to a third party engaged in civil litigation against Hoyle. The Hearing Committee determined that Defendant A's conduct violated the Idaho Criminal Rules applicable to the disclosure of grand jury proceedings and, therefore, constituted "conduct that is prejudicial to the administration of justice" in violation of Rule 8.4 of the IRPC. The first issue is whether Defendant A's conduct violated the applicable Idaho Criminal Rules.

▪ Idaho Criminal Rule 6.4(c) provides, insofar as is relevant, "No other person present in a grand jury proceeding shall disclose to any other person what was said or done in the proceeding, except by order of any court for good cause shown." There was no finding by the Hearing Committee, however, that Defendant A was present in the grand jury proceeding. Therefore, that rule does not apply.

▪ Rule 6.3(c) is the other applicable Idaho Criminal Rule. It provides, "The district judge by motion shall permit a prosecuting attorney, a person charged in an indictment or the attorney for the person charged ... to obtain a transcript of such proceedings, in the same manner as a transcript of a preliminary hearing." It further provides, "The district judge may place conditions upon the use, dissemination or publication of

the proceedings of the grand jury, and any violation of any such condition by a party granted access to the record shall constitute contempt of the order of the district judge."

The rule requires each person who desires a transcript of the grand jury proceedings to seek court permission. It states that the district judge, by motion, shall permit "a prosecuting attorney, a person charged in an indictment or the attorney for the person charged" to obtain a grand jury transcript. Each of the persons mentioned is in the singular. It does not state that the judge, by motion, shall permit the parties (plural) to obtain the transcript. In fact, the order entered in Hoyle's case did not provide that both parties could have a copy of the transcript. Hoyle requested a copy for the preparation of his defense, and the district court ordered that he could have one.

■ Grand jury proceedings are intended, to the extent possible, to be secret. All of the grand jurors are required to take an oath that includes the following provision:

> You will keep your own counsel, and that of your fellows, and of the government, and will not, except when required in the due course of judicial proceedings, disclose the testimony of any witness examined before you, nor anything which you or any other grand juror may have said nor the manner in which you or any other grand juror may have voted in any matter before you.

Idaho Code § 19–1011 & –1012. A grand juror who violates that oath commits a misdemeanor. Idaho Code § 18–4403. In addition, Idaho Code § 19–1111 limits the persons who can be present during grand jury sessions. Finally, Idaho Criminal Rule 6.3(b) provides that upon the conclusion of each matter presented to the grand jury, the clerk is to seal the record of the proceedings and that the record is not to be examined by anyone or transcribed except upon order of the district judge.

Consistent with the secrecy of grand jury proceedings, Rule 6.3(c) provides, "The district judge may place conditions upon the use, dissemination or publication of the proceedings of the grand jury, and any violation of any such condition by a party granted access to the record shall constitute contempt of the order of the district judge." The rule refers to a violation of the conditions by "a party granted access to the record." The reference to "a party granted access" is consistent with the requirement that each person seeking access must obtain court permission.

The court's conditions upon the use, dissemination or publication of the transcript are intended to preserve, to the extent possible, the secrecy of grand jury proceedings. As Defendant A admitted during oral argument, the prosecutor and the defendant often have different interests in maintaining that secrecy. In some circumstances, only the defendant would want the secrecy maintained in order to prevent the publication of embarrassing or otherwise damaging information. At other times, only the prosecutor may want the secrecy maintained in order to prevent dissemination of information that may compromise other ongoing investigations or to protect the privacy of a victim. Because of the differing interests involved, in a particular circumstance one party's own self-interest may obviate the need for conditions restricting that party's use, dissemination, or publication of the transcript. That self-interest would not obviate the need for conditions upon the opposing party's use of the transcript, however. Therefore, requiring each party to seek court approval for a copy of the transcript would give the opposing party an opportunity to request that the court impose conditions the party asserts are necessary to protect his or her privacy or that of others.

Defendant A contends that he reasonably interpreted Rule 6.3(c) as authorizing him to obtain a copy of the transcript once Hoyle had obtained a copy. He relies upon the portion of the Rule that provides that the judge shall permit the named persons to obtain a transcript of the grand jury proceedings "in the same manner as a transcript of a preliminary hearing." He argues that if one party obtains a copy of a preliminary hearing transcript, a copy is automatically given to the other party.

Idaho Criminal Rule 5.2 governs the preparation and dissemination of preliminary hearing transcripts. Only subsections (a) and (c) of the Rule relate to the manner in which a prosecuting attorney or defense counsel can obtain a copy of the preliminary hearing transcript. Subsection (a)[3] provides that, upon timely motion, the court shall order a transcript of the preliminary hearing be made for the party requesting it and that if such party is the defendant, he or she shall bear the cost of the preparation of the transcript, unless the defendant is indigent. Subsection (c)[4] provides that once the transcript is prepared, the original and two copies shall be filed with the clerk, who shall serve copies upon the parties by giving them written notice and an opportunity to pick up their copy from the clerk's office.[5] Considering the secrecy of grand jury proceedings, the phrase "in the same manner as a transcript of a preliminary hearing" refers to subsection (a) of Idaho Criminal Rule 5.2, not to subsection (c). As discussed above, Rule 6.3(c) provides that each party, by motion, can obtain a copy of a grand jury transcript. Similarly, Rule 5.2(a) provides that upon timely motion by the prosecuting attorney or the defendant, a transcript shall be made "for such party."

Defendant A contends that he interpreted the phrase "in the same manner as a transcript of a preliminary hearing" to refer to the Rule 5.2(c). He argues that under that Rule, once the grand jury transcript was prepared at Hoyle's request, he was automatically entitled to obtain a copy of it as well. He asserts that since Hoyle did not request any conditions on the use, dissemination or publication of the transcript, and the district court did not impose any such conditions, he was free to give it to anyone he desired. Defendant A's own conduct, however, belies his contention that that was how he interpreted the Rule at the time. He did not await receipt of a written notice from the clerk of the court informing him that he could come to the clerk's office and pick up a copy of the transcript, as would have occurred pursuant to Rule 5.2(c). Instead, he obtained the transcript directly from the court reporter.

Defendant A also argues that the transcript may have been publicized eventually during Hoyle's trial. Whether or not that occurred is not in the record. The transcript itself would not have been admissible under the rules of evidence. Although portions of it could have been read to impeach a witness whose trial testimony contradicted his or her grand jury testimony, the possibility of such occurrence does not excuse Defendant A's conduct.

Defendant A also challenges the Hearing Committee's determination that his conduct was prejudicial to the administration of justice. He argues that if he violated Idaho Criminal Rule 6.3(c), there was no evidence that such violation was actually prejudicial to

.3. Idaho Criminal Rule 5.2(a) provides:

(a) **Transcript of Proceedings.** On timely motion to the district court by either the prosecuting attorney or the defendant or defendant's attorney the court shall order a typewritten transcript and copies of exhibits or affidavits to be made for such party. The cost for the preparation of such a transcript on motion of the defendant shall be at the cost of the defendant, unless the court finds the defendant to be an indigent or needy person and orders the preparation of the transcript at county expense in the same manner as a transcript on appeal.

4. Idaho Criminal Rule 5.2(c) provides:

(c) **Preparation of Transcript, Costs, Number of Copies, Filing With Court and Service Upon Parties.** Whenever a transcript of a hearing or proceeding is ordered by the court to be prepared under this rule, such transcript shall be prepared in the same manner, with the same number of copies and at the same costs as a transcript in an appeal from the magistrate's division to the district court under Rule 54.1 of these rules. After the original and two copies of the transcript are lodged with the clerk of the court, the clerk shall file the original in the court file and forthwith serve the copies on the parties to the proceeding as provided by Rule 54.9, but there shall be no settlement of the transcript as provided by Rule 54.9 of these rules. In the event of a subsequent appeal, no party shall be precluded from raising objections as to the form and content of such transcript.

5. Idaho Criminal Rule 6.1(c) directs the clerk to serve copies of the preliminary hearing transcript upon the parties as provided by Idaho Criminal Rule 54.9. That Rule provides that "the clerk of the trial court shall mail or deliver a notice of lodging of the transcript to all attorneys of record, or parties appearing in person" and that "the notice shall advise the plaintiff and defendant that they may pick up a copy of the transcript at the clerk's office."

the administration of justice in Hoyle's case. He contends that we should adopt the rule, "No harm, no foul." We have not required proof that the administration of justice must in fact actually have been prejudiced in a particular case in order to find that certain conduct was prejudicial to the administration of justice. For example, in *In re Lutz*, 101 Idaho 24, 607 P.2d 1078 (1980), an attorney settled a tort claim arising from a traffic accident and had the opposing party sign a covenant not to testify against the attorney's client, who was facing criminal charges as a result of the accident. In subsequent disciplinary proceedings, the attorney's conduct was found to be "conduct that is prejudicial to the administration of justice." Even though the trial court in the criminal case had held the covenant not to testify invalid and the person had testified, so that the administration of justice was not actually prejudiced, we upheld the disciplinary sanctions against the attorney. Considering the secrecy inherent in grand jury proceedings and the legitimate interests that either party may have to request that the district court impose conditions on the use, dissemination or publication of the transcript by the other party, we agree that Defendant A's conduct in obtaining a copy of the grand jury transcript without court approval and giving it to a third party constituted conduct that was prejudicial to the administration of justice.

**C. Did the Hearing Committee Err in Remanding to Bar Counsel the Issue of Whether Defendant A Was an Agent of the State Tax Commission?**

 Idaho Code § 63–3076 makes it a felony for any agent of the tax commission to "knowingly divulge or make known to any person in any manner any tax return or tax information whatsoever obtained directly or indirectly by him in the discharge of his duties." The commission of a felony would violate the IRPC. Bar Counsel determined that Defendant A was not acting as an agent of the tax commission when he obtained copies of Hoyle's tax returns and turned them over to the third party. Bar Counsel found that when Defendant A engaged in that conduct, he was acting as a deputy attorney general who had been assigned to prosecute a criminal action on behalf of the state. The

tax commission was also engaged in an investigation of Hoyle and his various businesses, and there was evidence that Defendant A and employees of the tax commission were working together in their respective investigations. The Hearing Committee did not find that Defendant A was an agent of the tax commission, as the term "agent" is typically used. It wondered, however, whether there could be a legal argument for holding that Defendant A was, as a matter of law, an agent of the tax commission. For example, the Hearing Committee suggested that because Defendant A, as a deputy attorney general, was an agent of the State of Idaho, he may also be, as a matter of law, an agent of all state agencies, including the tax commission. The Hearing Committee concluded that it lacked the authority to resolve issues of law and remanded the matter back to Bar Counsel for resolution of that legal issue, such as by declaratory judgment proceedings.

 A hearing committee does have authority to resolve issues of law that arise in connection with its determination of a matter before it. If either party contends that the committee's resolution of the matter is based upon an erroneous interpretation of law, that party can seek review in this Court.

The Hearing Committee implicitly found that Defendant A was not an agent of the tax commission, as the term "agent" is typically understood. Otherwise, there would have been no reason to remand that issue to Bar Counsel for a determination of whether there could be a basis for holding that Defendant A was the tax commission's agent as a matter of law. The finding that Defendant A was not an agent of the tax commission is not clearly erroneous. During oral argument, Bar Counsel stated that he agrees that Defendant A was not an agent of the tax commission. Therefore, we affirm the determination that Defendant A did not violate Idaho Code § 63–3076.

**D. What Sanction Is Appropriate?**

 This Court bears the ultimate responsibility for determining what sanction should be imposed. *Wilhelm v. Idaho State Bar*, 140 Idaho 30, 89 P.3d 870 (2004). The Hearing Committee recommended a private reprimand. We agree that such sanction is

appropriate under the facts of this case and impose that sanction.

## IV. CONCLUSION

We affirm the finding of the Hearing Committee that Defendant A violated Rule 8.4(d) of the IRPC when he obtained a grand jury transcript without court approval and gave it to a third party. We also affirm the finding that Defendant A did not violate Idaho Code § 63–3076 because he was not an agent of the tax commission when he obtained copies of Hoyle's income tax returns and gave them to a third party. We impose a sanction of a private reprimand for Defendant A's violation of the IRPC. Costs are awarded to respondent.

Justices TROUT, KIDWELL, BURDICK and Justice Pro Tem WOODLAND concur.