# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49122

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Boise, November 2022 Term |
| | ) | |
| DIWAKAR SINGH, | ) | Opinion filed: March 1, 2023 |
| | ) | |
| Defendant-Appellant. | ) | Melanie Gagnepain, Clerk |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Benjamin J. Cluff, District Judge.

The judgment of conviction is affirmed.

Nevin, Benjamin & McKay LLP, Boise, for Appellant. Dennis A. Benjamin argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. John C. McKinney argued.

_____

ZAHN, Justice.

This case arises from Diwakar Singh's conviction for felony domestic violence. Prior to Singh's trial, the State identified an error in the preliminary hearing transcript. The district court, citing its inherent authority to correct errors in the record, corrected the transcript after listening to the official recording of the preliminary hearing. Singh appeals the district court's decision to correct the transcript and admit the correction as an exhibit at his trial. For the reasons stated below, we affirm Singh's judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Diwakar Singh was charged with felony domestic violence in violation of Idaho Code section 18-918(2)(a). A required element of the crime is that a battery be committed against a "household member," which is defined to include a spouse. Singh's charge stemmed from an incident with his wife. On the day of the incident, a bystander called 9-1-1 after Wife walked up to him and said she had been beaten by her husband. During the 9-1-1 call, Wife stated, "I'm okay

but my husband beat me a lot." An officer arrived shortly after and spoke with Wife about the incident. The officer observed injuries on her body and took photographs of the injuries. Wife told the officer that Singh was at their home in a nearby apartment complex. Wife took the officer back to their apartment. The officer then investigated the scene, interviewed both Wife and Singh, and then arrested Singh.

A preliminary hearing was held in magistrate court, at which Wife testified. English is not Wife's first language, so she required the assistance of an interpreter during the preliminary hearing. Wife testified that Singh had not in fact hit her. Instead, Wife testified that she and Singh got into an argument, and she hit her hand on the door as she was leaving. Critical to this appeal, a written transcript reported the following colloquy between Wife and the prosecutor during the preliminary hearing:

> PROSECUTOR: [Wife], how do you know the Defendant?
> INTERPRETER: (Inaudible.)
> WIFE: (Inaudible.)
> INTERPRETER: (Inaudible.)
> WIFE: (Inaudible.)
> INTERPRETER: I- I'm sorry Judge, I need to (inaudible). I did not
> hear her very clearly. (Inaudible.)
> COURT: The microphone is over there. Do you see? You need to
> speak in that direction. No the- right . . .
> PROSECUTOR: And- and your Honor, could she remove her mask as
> well?
> COURT: And ma'am, you can also take your mask off, uh, since
> you're behind the- the glass.
> WIFE: (Inaudible.)
> INTERPRETER: (Inaudible.) I can hear her now. Thank you.
> COURT: Okay.
> PROSECUTOR: Ma'am, how long have you been married?

The magistrate court ultimately found probable cause and bound Singh over to district court on the felony domestic violence charge.

Following the preliminary hearing, Singh moved for a transcript to be prepared, and the district court granted his motion. The preliminary hearing had not been reported by a court reporter, but instead was recorded with the use of audio recording equipment in the courtroom. *See* I.C.A.R. 25(a) ("The court in the magistrate's division shall make a verbatim record *or* recording of all proceedings held before a magistrate." (Emphasis added.)). The audio recording of Singh's preliminary hearing was transcribed by an individual who was not a court reporter. The resulting document was entitled "Taped Transcript" and the transcriber certified that she transcribed it from

a compact disc and that it was "true and correct to the best of my ability from the portions of the proceedings that could be heard on the disc."

After the transcript was prepared, the State filed an "Objection to Transcript and Motion to Play Recording" in which the State identified an error in the transcript. The transcriber recorded Wife's response to the question, "how do you know the Defendant?" as "inaudible." The State argued in its motion that the recording revealed that Wife's response was, "He is my husband, your Honor." Further, the State argued the transcript's omission "seriously prejudice[d] the State's case as well as misrepresent[ed] the preliminary hearing." The State asked the district court to "play the recording and to determine whether to amend the certified transcript, to re-request it, or to play the recording at trial." Singh filed an objection to the State's motion on the basis that a certified transcript, not the audio recording, is the official transcript of a proceeding under the court rules.

The district court held a hearing on the State's motion, at the conclusion of which the district court determined that it had the inherent authority to correct the transcript so that it conformed to the facts. The district court indicated that it had listened to the recording of the preliminary hearing, determined that there was an error, and found that Wife's response was, "He is my Husband, your Honor." The district court determined that this Court's decision in *State v. Ruddell*, 97 Idaho 436, 546 P.2d 391 (1976), provided the district court with inherent authority to correct the transcript so that it conformed to the audio record. Further, the district court concluded that I.A.R. 30.1 also provided authority to correct the transcript. The district court thereafter entered an order entitled, "Correction and Certification of Preliminary Hearing Transcript" in which the district court corrected the transcript to read as follows:

INTERPRETER: He is my husband, Your Honor. I can hear her now. Thank you.

Singh was tried before a jury. Wife was not available to testify at trial. After determining Wife was unavailable, the district court admitted, as a State's exhibit, redacted excerpts of the original transcript of the preliminary hearing. The district court also admitted, as a Court exhibit, a redacted version of its order correcting the transcript, which included the correction, but omitted a discussion of the State's motion, defendant's objection, and the motion hearing. The jury found Singh guilty of felony domestic violence, and he was sentenced to 45 days in county jail and 5 years of probation. Singh timely appealed his conviction.

## II. ISSUES ON APPEAL

1. Did the district court err by correcting the preliminary hearing transcript?

2. Did the district court abuse its discretion by admitting the corrected preliminary hearing transcript at trial?

## III. STANDARD OF REVIEW

The interpretation of a court rule is a question of law that this Court freely reviews. *E. Idaho Econ. Dev. Council v. Lockwood Packaging Corp. Idaho*, 139 Idaho 492, 495, 80 P.3d 1093, 1096 (2003).

"This Court reviews a district court's conclusion that evidence is supported by proper foundation under an abuse of discretion standard." *State v. Clapp*, 170 Idaho 314, __, 510 P.3d 667, 673 (2022) (citation omitted). In determining whether a court has abused its discretion, this Court asks "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (citation omitted).

## IV. ANALYSIS

### A. The district court did not err in correcting the patent error in the preliminary hearing transcript.

Singh argues the district court erred by correcting the preliminary hearing transcript because it lacked authority to do so. Singh then argues that the State has failed to prove that it was harmless error for the district court to admit its correction to the preliminary hearing transcript at trial. The State asserts that the district court had authority to alter the transcript under I.C.R. 54(k) and I.A.R. 30.1(b), and also had inherent authority under this Court's decision in *Ruddell*, 97 Idaho at 438, 546 P.2d at 393. The State alternatively argues that any error by the district court was harmless.

1. Idaho Criminal Rule 5.2(c) does not prevent a district court from correcting a patent error in a preliminary hearing transcript.

This Court's approach to interpreting court rules is similar to its approach to statutory interpretation. *Valentine v. Valentine*, 169 Idaho 621, 627, 500 P.3d 514, 520 (2021). The analysis begins with the plain language of the rule, read according to its "plain, obvious and rational meaning." *Id.* (quoting *Kelly v. Kelly*, 165 Idaho 716, 724, 451 P.3d 429, 437 (2019)). "The statute should be considered as a whole" and this "Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *Pentico v. Idaho Comm'n for*

4

*Reapportionment*, 169 Idaho 840, 844, 504 P.3d 376, 380 (2022) (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)).

However, when interpreting its own rules, this Court is "not constrained by the constitutional separation of powers" that require adherence to the plain language of a statute regardless of the result. *State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017). Accordingly, this Court will also construe a court rule in keeping with its purpose. *Id.* The Idaho Criminal Rules are "intended to provide for the just determination of every criminal proceeding" and "must be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay." I.C.R. 2(a).

I.C.A.R. 25 governs the preparation of transcripts and reporting of proceedings in the magistrate division. Pertinent here, Rule 25(g) states:

> Transcripts shall be prepared as directed herein and in accordance with these rules. The transcripts must be neat and free from error. The transcriber must not guess as to the spoken word, but shall replay the recording until the exact meaning is understood. If the exact meaning is still indiscernible, the transcriber must indicate such fact on the transcript. The exact meaning must then be settled as provided in the Idaho Criminal Rules, the Idaho Rules for Civil Procedure, or the Idaho Appellate Rules.

I.C.R. 5.1(a) provides that "a defendant charged in a complaint with any felony is entitled to a preliminary hearing." Rule 5.2 in turn addresses how to obtain a transcript of a preliminary proceeding. *See also In re Pet. for Rev. of Hearing Comm. of Pro. Conduct Bd. of Idaho State Bar*, 140 Idaho 800, 806, 102 P.3d 1119, 1125 (2004) ("Idaho Criminal Rule 5.2 governs the preparation and dissemination of preliminary hearing transcripts."). Rule 5.2 states that "[t]ranscripts may be requested of any hearing or proceeding before the court including . . . the record of any preliminary hearing[.]" I.C.R. 5.2(a)(2). Whenever a transcript has been requested, "the transcript must be prepared in the same manner, with the same number of copies and at the same costs as a transcript in an appeal from the magistrate's division to the district court under Rule 54 of these rules." I.C.R. 5.2(c). Rule 5.2(c) also provides that "[t]here will be no settlement of the transcript as provided by Rule 54(i). In the event of a subsequent appeal, no party may be precluded from raising objections as to the form and content of the transcript." *Id.* Rule 54(i)(3) states:

> If an objection is made to a trial transcript, the objection is heard and determined by the trial court in the same manner as a motion. The determination of the trial court of any objection to the transcript is a settlement of the transcript. If no objection is filed to the transcript within the 21-day period, it is deemed settled.

One possible reading of I.C.R. 5.2(c) is that the Rule precludes settlement of a preliminary hearing transcript altogether. An alternative reading of that provision is that Rule 5.2(c) only bars the settlement process that is set out in Rule 54(i) rather than precluding corrections to the transcript altogether. *See* I.C.R. 5.2(c) ("There will be no settlement of the transcript *as provided by Rule 54(i).*" (Emphasis added.)). The settlement process set out in Rule 54(i) involves a lengthy back-and-forth between the parties that, in the context of preliminary proceedings, could unacceptably delay criminal proceedings in most cases. At a minimum, the process for settling a transcript under Rule 54(i) requires a 21-day period in which to file objections to the transcript before it is deemed "settled." If objections are filed, then the process extends beyond the initial 21-day period. *See* I.C.R. 54(i). While the delay may not significantly impact the briefing on an appeal, it could significantly impact the timeline and preparations for a trial. Indeed, it is no accident that our rules treat transcripts of preliminary proceedings differently from transcripts produced from other proceedings within our court system. *Compare* I.C.R. 5.2(c), *with* I.A.R. 30.1, *and* I.C.R. 54(i). Construing the language in Rule 5.2(c) to preclude only the formal settlement process set out in Rule 54(i), rather than settlement altogether, comports with the plain language of that Rule and is consistent with the overarching purpose of the criminal rules.

Reading I.C.R. 5.2(c) as prohibiting a party from correcting a patent error in a preliminary hearing transcript would actively undermine the fairness of a judicial proceeding. Such a result would be inconsistent with the policy rationales underlying our criminal rules. *See* I.C.R. 2(a). For this reason, we reject such an interpretation and construe Rule 5.2(c) "to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay." I.C.R. 2(a). Construing the language in Rule 5.2(c) to permit a district court to correct a patent error in a preliminary hearing transcript promotes the policy rationales underlying our criminal rules. Accordingly, we hold that Rule 5.2(c) does not preclude a district court from correcting a patent error in a preliminary hearing transcript.

2. <u>The district court had authority to correct the preliminary hearing transcript in this case.</u>

Having concluded that I.C.R. 5.2(c) does not bar a district court from correcting a patent error in a preliminary hearing transcript, we turn to the district court's authority to correct the preliminary hearing transcript in this case.

At the hearing on the State's motion to alter the transcript, the district court stated, "I've listened to the audio, and I do believe there's an error." The district court went on to ask Singh's

6

counsel whether he would like to listen to the audio, to which Singh's counsel replied, "[y]ou know, you have the ears, same as I do. And if you hear it, I'm comfortable with that." The district court then stated, "[o]kay. Well, I have listened to it, and it says – it says exactly what is provided in the – in the State's motion, which is, 'He is my husband, Your Honor[.]'" The district court went on to correct the transcript so that it conformed to the testimony as provided in the recording.

I.C.A.R. 25(g) provides that "[t]ranscripts shall be prepared as directed herein and in accordance with these rules." Further, the "transcripts must be neat and free from error." If the transcriber is unable to discern the spoken word from listening to a recording, then the transcriber must so indicate on the transcript. *Id.* "The exact meaning must then be settled as provided in the Idaho Criminal Rules, the Idaho Rules for Civil Procedure, or the Idaho Appellate Rules." *Id.*

As noted, I.C.R. 5.2(c) provides that a preliminary hearing transcript is prepared in accordance with I.C.R. 54. I.C.R. 54(i), read in conjunction with I.C.A.R. 25(g), provides a district court with authority to ensure that a preliminary hearing transcript is free from error. *See* I.C.R. 54(i); I.C.A.R. 25(g) ("The transcripts must be neat and free from error."). Moreover, "[i]t is well established . . . that courts have an inherent power to supply deficiencies in records of their proceedings to the end that they will conform to the actual facts." *Ruddell*, 97 Idaho at 438, 546 P.2d at 393 (citations omitted).

In *Ruddell*, a preliminary hearing transcript was prepared that contained "numerous errors and omissions[.]" *Id.* at 437, 546 P.2d at 392. The errors in the transcript were the result of a witness with a heavy accent. *Id.* The district court ordered a court reporter to meet with the witness to have him correct the testimony in the transcript. *Id.* The witness was not placed under oath and the corrected transcript was never certified. *Id.* at 437–38, 546 P.2d at 392–93. Still, the corrected transcript was admitted at trial and the defendants were convicted. *Id.* at 438, 546 P.2d at 393. On appeal, this Court noted that courts possess inherent authority to correct errors in the record so that they conform to the facts. *Id.* The Court also noted that such a correction "must be made in the court where the error occurred." *Id.* (citing *Pac. Fin. Corp. of Cal. V. La Monte*, 64 Idaho 438, 442, 133 P.2d 921, 922 (1943) ("*Pacific Finance*")). Ultimately, we reversed the district court because the transcript was never certified and, therefore, there was no official record of the preliminary hearing. *Id.*

In *Ruddell*, we recognized the inherent authority a trial court possesses to correct deficiencies in the record so that the record conforms to the actual proceedings in the courtroom.

Singh acknowledges this point, but then emphasizes that cases like *Ruddell* and *Pacific Finance* require the corrections to be made in the court where the error occurred. As a result, Singh contends that even if *a court* had authority to correct the preliminary hearing transcript, it was the magistrate court rather than the district court because the preliminary hearing took place in magistrate court.

We conclude that Singh's arguments on this point are misplaced because the facts of this case are distinguishable from those present in *Ruddell* and *Pacific Finance*. There is not a genuine dispute as to the testimony like was present in *Ruddell*. Neither is there some other intrinsic reason why the magistrate court would be in a better position to correct the error like there was in *Pacific Finance*. There, a probate court's docket failed to correctly indicate on what date a judgment had been entered and docketed, which determined whether a subsequent appeal to the district court was timely. *Pac. Fin. Corp*, 64 Idaho at 440, 133 P.2d at 921. The probate court corrected the error to indicate that the judgment had been docketed on January 28. *Id.* at 441, 133 P.2d at 922. The district court disagreed with the probate court's determination, concluded the judgment was docketed on January 20, and dismissed the appeal as untimely. *Id.* On appeal, this Court concluded the district court had erred, in part because, "such corrections must be made in the court where the error occurred." *Id.* at 442, 133 P.2d at 922. This Court held that the probate court's determination was therefore controlling. *Id.* at 442–43, 133 P.2d 922–23. Underlying our decision in *Pacific Finance* was the logic that the probate court was in a better position to determine the date it had entered the judgment on its own docket. *See id.*

Singh has not explained, nor can we perceive, why the magistrate court would be in a better position to correct the patent error in this case, which is clearly evident from the official audio recording of the proceeding. Under the circumstances here, where the district court listened to the official recording of the preliminary hearing and there is no genuine dispute between the parties as to what was said on that recording, it would add expense and delay to the criminal process to require remand to the magistrate court so that it could listen to the same audio recording a second time before the transcript could be corrected.

Further, we are unconvinced that the court "where the error occurred" was the magistrate court. The preliminary hearing transcript was requested after the case was transferred to district court. The error occurred when a transcriptionist failed to correctly discern Wife's response on the audio recording of the preliminary hearing. Thus, the error occurred in the district court. At the hearing on the State's motion to correct the transcript, the district court noted that it had listened

to the audio recording of the preliminary hearing and asked Singh's counsel if he wanted to address the State's interpretation of what Wife said at the hearing. Singh's counsel conceded that he had not listened to the audio recording, declined the State's offer to play the audio recording for him and stated, "You know, you have ears, same as I do. And if you hear it, I'm comfortable with that." Thus, no one disputed that the audio recording was clear, and that Wife's testimony was readily discernible. Under these circumstances, there was no error in the magistrate court and therefore, no reason to remand the case for the magistrate court to issue a correction.

Based on the foregoing, we hold that the district court had authority to correct the patent error in the preliminary hearing transcript. Accordingly, we affirm the district court's decision to correct the preliminary hearing transcript.

**B. The district court did not abuse its discretion by admitting its correction to the preliminary hearing transcript at trial.**

Singh argues the district court erred by admitting its correction to the preliminary hearing transcript at trial because it was not authenticated under I.R.E. 901 or 902. The State maintains that the correction was admissible under I.R.E. 901 because it accurately reflects the testimony presented at the preliminary hearing, which Singh did not dispute.

At trial, the district court admitted the unaltered transcript following the State's motion. The district court then admitted its correction to the transcript as a court exhibit:

PROSECUTOR: At this time I move the Court back to clarify Line 15.

THE COURT: Ladies and Gentlemen, this is the preliminary hearing transcript. The Court has ruled there was a mistake in the transcript. I'll advise you of that mistake now. Based upon the reasons stated up on [sic] the record at the hearing, the Court augments and certifies as correct Page 17, Line 15, which is where we are right here, of the preliminary transcript to read as follows:

Interpreter: He is my husband, your Honor. I can hear her now, thank you.

And the Court will admit that correction certification of preliminary hearing transcript as the Court's Exhibit Number 1.

Court's Exhibit Number 1 is a partially redacted version of the district court's "Correction and Certification" that was ordered following the State's motion to correct the transcript.

We need not address Singh's evidentiary argument because the district court is not required to lay foundation prior to submitting its own order to the jury. Prior to the trial, the parties argued whether the transcript should be corrected. After considering the parties' arguments, the district

court issued a correction. When the original transcript was provided to the jury due to Wife's unavailability, the district court similarly ensured that the jury had its order correcting the transcript. The district court was not admitting evidence in support of one party or the other, but instead was ensuring the jury had the correct version of the transcript, which had already been admitted into evidence. As a result, the district court was not required to establish an evidentiary foundation for its own order. We therefore hold that the district court did not abuse its discretion in admitting the correction.

## V.    CONCLUSION

We affirm the district court's decision to correct the patent error in the preliminary hearing transcript. We also affirm the district court's decision to admit the correction to the transcript at trial.

Chief Justice BEVAN, Justices BRODY, STEGNER, and MOELLER CONCUR.